UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOHN OF THE FAMILY SPRINGER,

               Plaintiff,

-against-

EILEEN STACK,

               Defendant.

24-CV-6672 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff, who is appearing *pro se*, brings this action under 42 U.S.C. § 1983 against Defendant Eileen Stack, who is the Deputy Commissioner of Child Support Services for New York State's Office of Temporary and Disability Assistance ("OTDA"). Plaintiff asserts that Stack "subjugate[d] [me] . . . to involuntary servitude by converting me to a non-custodial parent." (ECF 1, at 3.) By order dated September 10, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth in this order, the Court dismisses the complaint.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This action concerns Title IV Section D of the Social Security Act, and Plaintiff's challenge to a $35 assessment imposed on him by the State of New York. The following facts are drawn from the complaint.[1] Stack, as Deputy Commissioner of Child Support Services, "ensured that all IV-D contracts[] contained a clear description of the specific duties . . . of each

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise. The superscript numbers used throughout the complaint are omitted from all quotations.

contractor." (ECF 1, at 4.) In this capacity, Stack "was responsible for circumventing the constitution by securing compliance with the requirements of the business plan as contemplated by IV-D, and its federal regulations." (*Id.*) At some point, "[a] $35 fee for furnishing coercive collection services was imposed [on Plaintiff]." (*Id.* at 6.)

> As a result of a $35 transaction between a customer, I was stripped of my natural inherent rights of being equally free and independent, then by premeditation of the business plain, I was converted to a non-custodial parent identified as a property and by operation of law Stack circumvented the constitution and deprived me of my 1st, 4th, 5th, 7th, 13th, and 14th indefeasible rights.

(*Id.* at 7.)

Plaintiff further alleges that he "did not consent to coercive collection methods and the deprivation of my rights," and therefore notified Defendant "on or about August 14, 2024 . . . with a notarized order to terminate IV-D services on the basis that they were absurd, slavish, destructive of, and depriving me of my inherent and indefeasible rights." (*Id.* at 13.)

Plaintiff contends that "[t]his action is not a Domestic Relations issue" (*id.* at 7), but rather a Section 1983 action challenging the "policies and customs and acts of Stack who compelled compliance of IV-D contractors to the business plan." (*Id.* at 8.) He asserts claims under (1) the First Amendment, arguing that Defendant has forced him to assemble and associate with the IV-D program; (2) the Fourth Amendment, arguing that Defendant illegally used his social security number "to hunt down and exact from me . . . for failure to perform as expected," (*id.* at 16); (3) the Fifth and Fourteenth Amendments, claiming he was denied due process when Defendant "convert[ed] Plaintiff from . . . [a] man born equally free and independent[] to the status of non-custodial parent positively identified as property with no rights," (*id.* at 18); (4) under the Seventh Amendment, claiming he was denied a trial by jury; and (5) under the Thirteenth Amendment, claiming that he "was forced to work to pay . . . as required by IV-D of the Act," (*id.* at 20).

3

Plaintiff seeks money damages and injunctive relief, including the "termination of IV-D services on the basis that I did not enroll in, apply for, or enter a personal responsibility contract." (*Id.* at 31.)

## DISCUSSION

This action concerns Plaintiff's disagreement with a $35 assessment, presumably imposed by OTDA, pursuant to Title IX-D of the Social Security Act. It is unclear, however, whether Plaintiff is challenging this assessment as a New York State taxpayer or as a parent obligated to pay child support. To the extent Plaintiff challenges a New York State tax, he does not have standing to do so. To the extent he challenges an order by a New York State court ordering him to pay child support, this Court does not have jurisdiction to review such an order.

**A.     Plaintiff lacks standing to assert his challenge**

The Constitution limits the jurisdiction of the federal courts "to the resolution of cases and controversies," *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) (citation and internal quotation marks omitted), and "[s]tanding to sue or defend is an aspect of the case-or-controversy requirement," *Arizonians for Off. Eng. v. Arizona*, 520 U.S. 43, 64 (1997). To demonstrate standing, a plaintiff must show that: (1) he has personally suffered some actual or threatened injury as a result of the defendant's alleged illegal conduct; (2) the injury is fairly traceable to the defendant's conduct; and (3) the injury is likely to be redressed by the requested relief. *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982). "[A] generalized grievance, no matter how sincere, is insufficient to confer standing. A litigant raising only a generally available grievance . . . and seeking relief that no more directly and tangibly benefits him than it does the public at large . . . does not state an Article III case or controversy." *Hollingsworth v. Perry*, 570 U.S. 693, 706 (2013) (internal quotation marks and citation omitted); *see also Ins. Corp. of Ireland, Ltd. v. Compagnie des*

4

*Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("Subject-matter jurisdiction . . . is an Art. III as well as a statutory requirement.").

Broadly speaking, "state taxpayers have no standing under Article III to challenge state tax or spending decisions simply by virtue of their status as taxpayers." *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 346 (2006) (refusing to create an exception to the general prohibition on taxpayer standing for challenges to state tax or spending decisions, and observing that taxpayer standing has been rejected "because the alleged injury is not 'concrete and particularized,' but instead a grievance the taxpayer 'suffers in some indefinite way in common with people generally,'" *id.* at 244 (citation omitted)).

Here, Plaintiff does not allege an injury that is concrete and particularized; rather, his claim "appears to be predicated merely on opposition to Title IV-D." *Milan of Fam. Hall v. Stack*, No. 23-CV-0014 (LEK) (CFH), 2023 WL 8005317, at *3 (N.D.N.Y. Nov. 17, 2023) (dismissing action for lack of subject matter jurisdiction in action substantially similar to the instant action where the plaintiff challenged a tax assessment associated with Title IV-D). Because Plaintiff does not have standing to challenge the imposition of a state tax, the Court dismisses this action for lack of subject matter jurisdiction.

B.    **This Court lacks jurisdiction to review a state court judgment**

To the extent Plaintiff seeks review of a state court judgment, ordering him to pay child support, this Court lacks subject matter jurisdiction to hear such a claim, under the *Rooker-Feldman* doctrine. *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923); *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482-86 (1983). This doctrine precludes federal district courts from reviewing final judgments of the state courts. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005) (holding that federal district courts are barred from deciding cases "brought by state-court losers complaining of injuries caused by

state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments").

The *Rooker-Feldman* doctrine applies where a plaintiff: (1) lost in state court, (2) complains of injuries caused by the state-court judgment, (3) invites the district court to review and reject the state court judgment, and (4) commenced the district court proceedings after the state-court judgment was rendered. *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 426 (2d Cir. 2014).

Where a plaintiff challenges "the validity or enforcement of [a] child support order itself," the *Rooker-Feldman* doctrine bars such a claim. *Sykes v. Bank of Am.*, 723 F.3d 399, 404 (2d Cir. 2013). Also barred under this doctrine are claims arising out of a third party's actions when those actions "are produced by a state-court judgment and not simply ratified, acquiesced in, or left unpunished by it." *Hoblock v. Albany Cnty. Bd. of Elections*, 422 F.3d 77, 88 (2d Cir. 2005) (holding that "[w]here a state-court judgment causes the challenged third-party action, any challenge to that third-party action is necessarily the kind of challenge to the state judgment that" the *Rooker-Feldman* doctrine bars).

Even where a plaintiff argues that his constitutional rights were violated with respect to the state court proceedings regarding a child support order, the *Rooker-Feldman* doctrine applies. *See, e.g.*, *Remy v. New York State Dep't of Tax. and Finance*, 507 Fed. Appx. 16, 18 (2d Cir. 2013) (holding that plaintiff's argument that a child support judgment violated his constitutional rights, if accepted, "would obliterate the *Rooker-Feldman* doctrine"); *Davis v. Westchester Cty. Fam. Ct.*, No. 16-CV-9487 (KMK), 2017 WL 4311039, at *8 (S.D.N.Y. Sept. 26, 2017) (noting that a challenge to "the constitutional adequacy of the proceedings [wa]s of no help to" the plaintiff because the *Rooker-Feldman* doctrine applied) (collecting cases).

Here, to the extent the claims against Deputy Commissioner Stack concern the collection of child support payments, these claims are barred under the *Rooker-Feldman* doctrine because they ultimately challenge a child support order. For these reasons, the Court dismisses the action for lack of subject matter jurisdiction

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

Plaintiff's complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(h)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: April 14, 2025
New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge